| | | |
|---|---|---|
| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Case Number **17-CI-00172**<br>Court **CI**<br>County **BELL** |

*Plantiff,* YOUNG, VICKIE L HOSKINS VS. CORPORATION, SMITHFIELD FARMLAN, *Defendant*

CORPORATION, SMITHFIELD FARMLAND
SERVE: CT CORP SYSTEM
306 W. MAIN STREET SUITE 512
FRANKFORT        KY      40601

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk COLBY SLUSHER

By _____, DC
Date: 05/03/2017

**Proof of Service**
[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To: _____
[ ] Not Served because: _____
Date: _____                        Served by _____

Exhibit 1

CI   17-CI-00172
YOUNG, VICKIE L HOSKINS VS. CORPORATION, SMITHFIELD FARMLAN





COMMONWEALTH OF KENTUCKY
44TH JUDICIAL CIRCUIT
BELL CIRCUIT COURT
CIVIL BRANCH
CIVIL ACTION NO. 17-CI- 00172

VICKIE L. HOSKINS YOUNG,           PLAINTIFF,

VS.           COMPLAINT

SMITHFIELD FARMLAND CORPORATION,           DEFENDANT.

SERVE: REGISTERED AGENT: CT CORPORATION SYSTEM
306 W. MAIN ST.
SUITE 512
FRANKFORT, KY 40601.

---

## PRELIMINARY STATEMENT

1. This is a civil action for gender discrimination, sexual harassment, quid pro quo and hostile work environment based on sex, wrongful discharge, and retaliation, seeking the recovery of equitable and legal relief including, but not limited to, declaratory and injunctive relief, compensatory damages, punitive damages, attorney fees and costs pursuant to the Kentucky Civil Right Act, KRS Chapter 344; and all applicable case law.

## PARTIES

2. Vickie L. Hoskins Young (hereinafter "Young"), the Plaintiff, is a natural person over the age of 18 years and a citizen of the State of Tennessee who resides in Tazewell, Claiborne County, Tennessee.

Exhibit 1

3. Smithfield Farmland Corporation (hereinafter "Smithfield"), the Defendant, is a foreign corporation registered with the Kentucky Secretary of State to do business in Kentucky, with offices and operations in Bell County, Kentucky, where all events described hereinafter occurred.

4. The Defendant, Smithfield, is subject to the jurisdiction of this Court pursuant to KRS Chapter 344, et. seq., and is an "employer" as defined by KRS 344.030, and is prohibited from committing the unlawful practices detailed in KRS 344.040, et. Seq.

5. Defendant Smithfield's process agent is C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY   40601.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and over the subject matter by virtue of KRS Chapter 344, and other applicable law.

7. The unlawful hostile work environment based on sex, the quid pro quo sexual harassment, gender discrimination, wrongful discharge, and retaliation as described herein below occurred at Defendant's business operations located in Middlesboro, Bell County, Kentucky, and, accordingly, this Court is the proper place of venue.

8. The Plaintiff's claims are not barred by the applicable five (5) year statute of limitations, all wrongful acts alleged herein having occurred within 5 years from the date of filing of this Complaint.

Exhibit 1

## COUNT I

9. The Plaintiff, Vickie L. Hoskins Young, (hereinafter referred to as Young) was hired by Defendant, Smithfield, in Middlesboro, Kentucky, in October, 2009, originally to work on the line in the packing department.

10. In 2010, Young's position and duties in her employment with Smithfield changed and she was approved to be a Clerk in the Maintenance Shop, where she worked with primarily male co-workers until her wrongful discharge in 2015.

11. During the last year of her employment with Smithfield, while supervised by Joanie Bloomer, an authorized agent and representative of Smithfield, Young was subjected to a pattern and practice of gender discrimination in the terms, conditions and privileges of employment as compared to similarly situated male employees, who were treated more favorably, including but not limited to the following:

    a. Young received less favorable and disparate treatment with respect to allocation of vacation time and vacation time requests as compared to similarly situated male employees.

    b. Young received excessive and inappropriate criticism of her work as compared with similarly situated male employees.

    c. Young received reprimands for staying over her work shifts when she had been asked by a supervisor to do so, but similarly situated male employees stayed over their work shifts without reprimand.

    d. Young received reprimands for allegedly making mistakes that male employees made without reprimand.

    e. Young received reprimands for mistakes that were found not to have occurred.

Exhibit 1

  f. Young was forced to work a swing shift schedule which provided only five (5) hours between shifts, which caused her to work excessive hours without sufficient rest, despite her already burdensome schedule, when similarly situated male employees were not required to do so.

  g. Male employees slept on the job and stood around outside the building, smoking while on the job for long periods, with no consequences, however, an allegation of "stealing company time" was fabricated against Young as grounds for her termination.

  h. Sexually offensive comments and behavior directed at Young by male employees were allowed to continue without appropriate investigation and/or remedial corrective action.

12. The conduct of supervisor, Joanie Bloomer, as set forth herein, was known or should have been known to Smithfield, its officers, directors and managers, including Smithfield's Human Resource office. Despite said knowledge, Smithfield failed to implement any preventive measures, and/or undertake any corrective or remedial measures to address Bloomer's conduct.

13. On April 7, 2015, Young made a complaint to the Smithfield Human Resources Office regarding the gender discrimination, and advised Smithfield Human Resources that she intended to file a complaint with the Equal Employment Opportunity Commission regarding the discrimination.

14. Following Young's complaints of various forms of gender discrimination, Smithfield terminated Young on May 4, 2015, which was an unlawful termination in violation of KRS Chapter 344.

Exhibit 1

15. Smithfield, by and through its authorized agent(s) and representative(s), created, condoned and fostered a hostile work environment based on gender which substantially affected Young's physical and psychological well-being and caused her to suffer significant physical and mental pain and emotional stress, pain and suffering.

16. Smithfield, by and through its authorized agent(s) and representative(s), subjected Young to gender discrimination in the terms, conditions and privileges of employment.

17. As a direct and proximate result of the acts and failures to act referenced above, the Plaintiff has suffered and will suffer in the future damages including, without limitation, loss of income, lost wages, permanent impairment of her power to earn money, medical expenses, future medical expenses, loss of fringe and other benefits including health insurance benefits, retirement benefits and contributions to her Social Security fund, pain and suffering both past and future, mental distress, humiliation and embarrassment, extreme emotional distress, as well as legal fees and costs incurred, all of which are in excess of the minimal jurisdictional limits of this Court.

## COUNT II

18. Plaintiff Young hereby adopts and incorporates by reference, the same as if set forth at length, the averments, contained in paragraphs 1 through 17, inclusive, of Young's Complaint herein.

19. During her employment in the Maintenance Shop, the Defendant, Smithfield, created, promoted, and allowed to exist a working environment that subjected Young to sexual harassment and created a hostile and offensive work environment. Young was subjected to a severe and pervasive gender-based hostile work environment in which

Exhibit 1

she was repeatedly subjected to offensive verbal and physical conduct of a sexual nature which was directed at her by Smithfield managers and co-workers. The conduct included, but is not limited to, the following:

a. Comments such as, "I will eat the lining out of that pussy."

b. Male employee(s) walking up behind Young and pressing groin area against the back of her body on her buttocks as tight as possible.

c. Male employee(s) holding pants tight against his leg with his penis hanging down his leg so that the size and shape of his penis was displayed, and saying, "You see that? I got a horse's dick. It would tear you up."

d. Comments such as, "You got to stop walking up and down the stairs. We can't work down here for watching you."

e. Requests to see Young's breasts.

f. Male employee(s) leaning head against the chest of Young and make sucking sounds.

g. Male employee(s) trying to look down her shirt and saying, "Come on, Let me see them and suck on it."

h. In 2013- 2015, there was on one restroom in the Maintenance Shop. A lock was installed when Young began working in the Maintenance Shop. Young always knocked loudly to make sure the restroom was clear. However, some men would not lock the door, nor would they answer when Young knocked. Therefore, men exposed themselves to her, saying, "Did you see that big hog? You know you wanted to see that."

Exhibit 1

      i. Male employee holding penis in his hand, commenting, "Suck this like you are that candy cane."

20. Young did not approve of this work place conduct and repeatedly stated that she did not want to hear about sexual activities, or sexually offensive and gender demeaning comments and conduct.

21. The sexual harassment and gender-based hostile work environment, as set forth herein, was known or should have been known to Smithfield, its officers, directors and managers, including Smithfield's Human Resource office. Despite said knowledge, Smithfield failed to implement any preventive measures, and/or undertake any corrective or remedial measures to address such conduct.

22. Smithfield, by and through its authorized agent(s) and representative(s), created, condoned and fostered a hostile work environment based on gender which substantially affected Young's physical and psychological well-being and caused her to suffer significant physical and mental pain, emotional stress, pain and suffering.

23. Smithfield, by and through its authorized agent(s) and representative(s), subjected Young to gender discrimination in the terms, conditions and privileges of employment.

24. As a direct and proximate result of the acts and failures to act referenced above, the Plaintiff has suffered and will suffer in the future damages including, without limitation, loss of income, lost wages, permanent impairment of her power to earn money, medical expenses, future medical expenses, loss of fringe and other benefits including health insurance benefits, retirement benefits and contributions to her Social Security fund, pain and suffering both past and future, mental distress, humiliation and

Exhibit 1

embarrassment, extreme emotional distress, as well as legal fees and costs incurred, all of which are in excess of the minimal jurisdictional limits of this Court.

## COUNT III

25. Plaintiff Young hereby adopts and incorporates by reference, the same as if set forth at length, the averments contained in paragraphs 1 through 24, inclusive, of Young's Complaint herein.

26. While Young was employed in the Maintenance Shop at Smithfield, one of Young's supervisors was Daniel Leach (hereinafter "Leach"), who worked as Mechanic Supervisor and Maintenance Manager at Smithfield.

27. During the last approximately two (2) years of Young's employment with Smithfield, Leach, as authorized agent and representative of Smithfield, subjected Young to quid pro quo sexual harassment in which Leach made unwanted sexual advances to Young.

28. Leach made unwanted sexual advances to Young including, but not limited to, the following:

   a. Leach asked Young to meet him at a motel for the purpose of having sex with Leach.

   b. Leach asked Young repeatedly, "When are we going to have sex?"

   c. Leach asked Young repeatedly, "Why don't you meet me at the motel?"

   d. Leach asked Young, "Did you dream about me eating your pussy? Did you dream about sucking my dick?"

   e. Leach asked Young, "Let me see your boobs. When I look at you I want to look at your titties."

Exhibit 1

    f. Leach put his body on Young when Young was bent over.

29. Leach made clear to Young that certain job benefits were conditioned on Young's acceptance of Leach's sexual advances. Leach made the following offers to Young in return for Young's satisfaction of his sexual demands:

    a. Leach stated that if Young had sex with him, Young could go on day shift.

    b. Leach stated that if Young had sex with him, Young could have a raise.

    c. Leach stated that if Young had sex with him, Young could become his secretary.

30. At the time of the conduct described herein, Leach was a supervisor and agent for Smithfield.

31. Young repeatedly advised Leach that she did not want to hear these sexual demands and comments and would he please stop his workplace behavior. Nevertheless, Leach persisted in his sexual demands and sexually offensive comments and conduct.

32. Young remained in her position out of economic need and fear of retaliation.

33. Young complained to her supervisor, Joanie Bloomer, about Leach, but Bloomer took no action.

34. Leach's conduct, as set forth herein, was known or should have been known to Smithfield, its officers, directors and managers. Despite said knowledge, Smithfield, failed to implement any preventive measures, and/or to undertake any corrective or remedial measures to address Leach's conduct.

35. Smithfield, by and through its authorized agents and representatives, subjected Young to gender discrimination in the terms, conditions, and privileges of employment.

36. Young's employment with Smithfield was wrongfully terminated on May 4, 2015.

Exhibit 1

37. As a direct and proximate result of the acts and failures to act referenced above, the Plaintiff has suffered and will suffer in the future damages including, without limitation, loss of income, lost wages, permanent impairment of her power to earn money, medical expenses, future medical expenses, loss of fringe and other benefits, including health insurance benefits, retirement benefits and contributions to her Social Security fund, pain and suffering, mental distress, humiliation and embarrassment, extreme emotional distress, as well as legal fees and costs incurred, all of which are in excess of the minimal jurisdictional limits of this Court.

## COUNT IV

38. Plaintiff Young adopts, reiterates, and incorporates by reference the averments contained in paragraphs 1-37, inclusive, of Young's Complaint herein.

39. On April 7, 2015, Young made a verbal complaint of discrimination/harassment with Smithfield's Human Resources Office.

40. On April 7, 2015, Young told Edith Kelley, the Human Resources Manager at Smithfield, that Young was filing charges with the Equal Employment Opportunity Commission about the discriminatory treatment she was receiving at Smithfield.

41. On April 8, 2015, Young submitted to Edith Kelley a complaint in writing regarding the discriminatory treatment she was receiving from Joanie Bloomer.

42. Young brought to that April 8, 2015, meeting with Kelley a copy of Smithfield's hand book policy on discrimination/harassment.

Exhibit 1

43. On April 8, 2015, Kelley asked Young to please let Kelley handle the complaint and for Young to write up a statement with all of her supervisor's behaviors with dates and witnesses.

44. Young complied with Kelley's request, providing a typed statement describing Bloomer's discriminating behavior on April 16, 2015.

45. Eighteen (18) days later, on May 4, 2015, Young was called to Human Resources Office by Kelley.

46. In that meeting of May 4, 2015, Kelley acknowledged that some of Bloomer's actions in supervising Young were inappropriate.

47. On May 4, 2015, Kelley informed Young that Young was being terminated for "stealing company time."

48. Young was unlawfully terminated in retaliation for her complaints to the Smithfield Human Resources Office regarding the gender discrimination and hostile work environment to which she was subjected at Smithfield.

49. Young was unlawfully terminated in retaliation for her threat to the Smithfield Human Resources Office that she intended to file a complaint with the EEOC regarding the gender discrimination and hostile work environment that she was subjected at Smithfield.

50. Young had a reasonable and good faith belief that she had been discriminated against on the basis of her gender.

51. Young exercised her right appropriately to speak out against such discrimination by making a charge at the Smithfield Human Resources Office and filing a complaint with the EEOC, all of which is protected activity.

Exhibit 1

52. After only twenty seven (27) days from the date of Young's initial complaint of discrimination to Smithfield's Human Resource office, Smithfield fired Young.

53. Smithfield's proffered non-retaliatory reason for Young's termination, that is, the "stealing of company time" is pre-textual.

54. The Division of Unemployment Insurance found that Young did not knowingly violate a reasonable and uniformly enforced rule of the employer. The Division of Unemployment Insurance found that Young's discharge was for reasons other than misconduct connected with the work.

55. As a result of her reports and/or complaints of gender discrimination, Smithfield, by and through its authorized agents and representatives, retaliated against Young by terminating her employment in May, 2015.

56. As a direct and proximate result of the acts and failures to act referenced above, the Plaintiff has suffered and will suffer in the future damages including, without limitation, loss of income, lost wages, permanent impairment of her power to earn money, medical expenses, future medical expenses, loss of fringe and other benefits including health insurance benefits, retirement benefits and contributions to her Social Security fund, pain and suffering both past and future, mental distress, humiliation and embarrassment, extreme emotional distress, as well as legal fees and costs incurred, all of which are in excess of the minimal jurisdictional limits of this Court.

Exhibit 1

REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Vickie L. Hoskins Young, respectfully requests this Court:

1. To enter a monetary judgment in her favor against the Defendant for her loss of income, lost wages, permanent impairment of her power to earn money, medical expenses, future medical expenses, loss of fringe and other benefits including health insurance benefits, retirement benefits and contributions to her Social Security fund, pain and suffering both past and future, mental distress, humiliation and embarrassment, extreme emotional distress; for her out of pocket expenses; for her compensatory damages; punitive damages, with the total amount of damages being in excess of the minimum dollar amount needed to establish the jurisdiction of this Court;

2. To award her court costs in the amount she has expended herein to prosecute this action;

3. To award her reasonable attorney's fees at the Defendant's expense with the total amount of her attorney's fees being in excess of the minimum amount needed to establish the jurisdiction of this Court;

4. To grant her a trial by jury on all issues so triable;

5. Enter a declaratory judgment declaring that the Defendant's actions were in violation of KRS Chapter 344 and applicable case law;

6. Enter an injunction against the Defendant Smithfield to prohibit Defendant from engaging in further discriminatory and/or retaliatory practices;

Exhibit 1

7. Award Plaintiff Young prejudgment interest at the legal rate and interest on any judgment herein at the judgment rate pursuant to Kentucky law; and

8. To award her all other relief to which she appears entitled and which the law demands from this Defendant.

Respectfully submitted,

*Jennifer F. Nagle*
JENNIFER F. NAGLE
Nagle Law Offices
1914 Cumberland Avenue
P. O. Box 248
Middlesboro, KY  40965
(606) 248-2144   (office)
(606) 248-2774   (FAX)

Exhibit 1