UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| VICKIE L. HOSKINS YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-143-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SMITHFIELD FARMLAND CORP., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendant's motion to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 5] The matter has been fully briefed and the Court has considered the parties' respective positions. For the reasons that follow, the Court will deny defendants motion to dismiss.

### I.

Plaintiff Vickie Young ("Young") is a former employee of Defendant Smithfield Farmland Corporation "(Smithfield"). She was hired to work at Smithfield's facility in Middlesboro, Kentucky, in October 2009. [Record No 1-1, ¶ 9] Young initially was assigned to the packing department, but in 2010 her position and duties changed when she was approved to be a Clerk in the Maintenance Shop. [*Id*. at ¶¶ 9-10] Young continued her employment in the Maintenance Shop until she was terminated in 2015. [*Id*. at ¶ 10]

Young alleges that, during her last year of employment with Smithfield, she was supervised by Joanie Bloomer ("Bloomer"). She claims that Bloomer subjected her to gender

discrimination by treating her male co-workers more favorably regarding vacation time, criticisms of work, reprimands, and scheduling. [*Id*. at ¶ 11] Young also alleges that, during her time in the Maintenance Shop, she was repeatedly subjected to offensive verbal and physical conduct of a sexual nature from Smithfield managers and co-workers. [*Id*. at ¶ 19] She contends that during the last two years of her employment, mechanic supervisor and maintenance manager Daniel Leach ("Leach") made unwanted sexual advances and made clear that certain job benefits were conditioned on her acceptance of his advances. [*Id*. at ¶¶ 28-29]

Finally, Young asserts that Smithfield retaliated terminating her employment after she complained to the human resources office regarding gender discrimination and hostile work environment and threatened to file a complaint with the EEOC. [*Id*. at ¶¶ 48-49]

**II.**

Under Rule 12(b)(6) of the Federal Rule of Civil Procedure, the Court must look to the complaint and determine whether it states a claim for which relief is available. The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual contentions must be sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint need not contain detailed factual allegations, it must contain more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "A

pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III.

### A. KCRA Sex Discrimination Claim

Young alleges in Count I that she was subjected to a pattern and practice of gender discrimination in the term, conditions, and privileges of employment as compared to similarly-situated male employees, who were treated more favorably. [Record No. 1-1, ¶ 11] Section 344 of the Kentucky Civil Rights Act ("KCRA") makes it unlawful for an employer to "fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color … [or] sex." Ky. Rev. Stat. 344.040(1)(a). Because the KCRA was enacted to implement the Federal Civil Rights Act of 1964, its language is "virtually identical" to that of Title VII. *Jefferson Cnty. v. Zaring*, 91 S.W.3d 583, 586 (Ky. 2002); *see also Gragg v. Somerset Tech. Coll.*, 373 F.3d 763, 768 (6th Cir. 2004); *Lewis v. Norfolk S. Ry. Co.*, 590 Fed. App'x 467, 469 (6th Cir.) Thus, the same analysis applies to discrimination claims under title VII and the KCRA. *See Id.*

To establish a prima facie case for sex discrimination under the KCRA, a plaintiff must demonstrate that she: (1) is a member of a protected class; (2) was subjected to an adverse action; (3) was qualified for the job; and that (4) another similarly situated employee, not in the protected class, was treated more favorably. *Kirkland v. James*, 657 F. App'x 580, 584 (6th Cir. 2016) (citing *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 776 (6th Cir. 2016). These elements represent "an evidentiary standard, not a pleading requirement."

*Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir.) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). However, the Court must still assess whether the plaintiff alleges "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,' *Iqbal*, 556 U.S. at 678-79, that Smithfield "discriminate[d] against [Young] with respect to her compensation, terms, conditions, or privileges of employment, *because of* [her] race, color, religion, sex, or national origin." *Keys*, 684 F.3d at 610 (quoting 42 U.S.C. § 2000e-2(a)(1)) (emphasis in original).

Smithfield contends that Young has not pleaded facts sufficient to show adverse employment action (i.e., that she received less favorable treatment than similarly situated male employees, and that she was subjected to intentional discrimination on the basis of her gender). However, Young asserts sufficient factual allegations from which this Court can draw a reasonable inference of a plausible claim that Smithfield discriminated against her with respect to her compensation, terms, conditions, or privileges of employment because of her sex. *See Keys*, 684 F.3d at 610. The Complaint contains allegations that are neither speculative nor conclusory. Instead, the pleading contains factual allegations that state a plausible claim for relief. It alleges, that over the last year of Young's employment, Smithfield had a pattern or practice of gender discrimination in the terms, conditions, and privileges of employment. It also provides details of specific instances where Young alleges she was treated differently than her male counterparts, provides facts of the adverse actions complained of, and provides the name of the key supervisor who is alleged to have committed the discrimination. In summary, Young has pleaded sufficient facts in her Complaint which give Smithfield "fair notice of the basis for [Young's] claims." *Swierkiewicz* 534 U.S. at 514.

### B. Hostile Work Environment Claim

A sexual harassment claim brought under the KCRA is also analyzed in the same manner as a claim brought under Title VII. *Ammerman v. Bd. of Educ. of Nicholas County,* 30 S.W.3d 793, 797-98 (Ky.2000). "A plaintiff may establish a violation of Title VII by proving that the discrimination based on sex created a hostile or abusive work environment." *Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560 (6th Cir.1999). To establish a prima facie case of a hostile work environment based on sex, a plaintiff must demonstrate that: (1) she is a member of protected class; (2) she was subjected to unwelcomed sexual harassment; (3) the harassment was based on her sex; (4) the harassment created a hostile work environment; and that (5) the employer is vicariously liable. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006).

A plaintiff can establish employer liability in a hostile work environment claim based on two theories: co-worker liability and supervisor liability. *Clark v. United Parcel Serv., Inc.,* 400 F.3d 341, 348 (6th Cir.2005). When the alleged harasser is a co-worker, the employer may be held liable if it "knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Id.* (quoting *Hafford v. Seidner,* 183 F.3d 506, 513 (6th Cir.1999)). When the harasser is a supervisor, however, the employer is vicariously liable absent an affirmative defense. *Id.* For Title VII purposes, a supervisor is an employee who is "empowered by the employer to take tangible employment actions against the victim." *Vance v. Ball St. Univ.,* 133 S.Ct. 2434, 2439 (2013).

Smithfield contends that Young failed to assert a plausible claim of sexual harassment in Count 2 because she did not identify which employees subjected her to the hostile work environment, and only identified them as "male employees." [Record 5-1, p. 13] Additionally,

Smithfield argues Young must have identified the co-workers by name in the Complaint.[1] But Smithfield has misconstrued what the Complaint alleges. In Count 2, Young not only alleges that offensive verbal and physical conduct of a sexual nature was directed at her by co-workers, she also alleges that the conduct was directed at her by managers. [Record No. 1-1, ¶ 19] At a minimum, Young has established the reasonable inference of a plausible claim against Smithfield for a hostile work environment claim based on supervisor liability. *See Clark*, 400 F.3d at 348.

Smithfield suggests Young must allege Leach's harassment culminated in a tangible employment action to state a plausible claim based on supervisor liability. [Record No. 5-1, p. 15] However, this is a misstatement of what is required. As the Supreme Court explained,

> If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

*Vance*, 133 S.Ct. at 2439.

Whether Smithfield is liable, strictly liable, or can escape liability by establishing an affirmative defense is not appropriate to consider at this stage of the case. All that must be considered is whether Young has alleged sufficient factual allegations to state a plausible claim. And as discussed above, she has met this initial hurdle. Because the Court has determined that Smithfield is potentially liable for supervisor harassment, it need not decide at this time whether Young has established co-worker liability.

---

[1] Smithfield belittles its own argument in its reply brief. [*See* Record No. 14, p. 12, Fn. 2 "Smithfield acknowledges that it is not directly relevant at the 12(b)(6) stage of the lawsuit. . . .")

### C. *Quid Pro Quo* Sexual Harassment Claim

To succeed on a *quid pro quo* sexual harassment claim a plaintiff must prove that: (1) the employee was a member of a protected class; (2) the employee was subjected to unwelcomed sexual harassment in the form of sexual advances or requests for sexual favors; (3) the harassment complained of was on the basis of sex; (4) the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment; and (5) the existence of respondeat superior liability. *Gray v. Kenton County*, 467 S.W.3d 801, 806 (Ky. App. 2014) (citing *Howington v. Quality Rest. Concepts, LLC*, 298 F. App'x 436, 441 (6th Cir. 2008)). Smithfield contends that the Complaint fails to provide any specific allegations regarding Young's conversation with Leach in which sexual favors were requested. Specifically, it argues that dates on which such conversations occurred is required. Again however, Young is only required to plead sufficient factual allegations to state a plausible claim for relief, not "detailed factual allegations," such as the exact dates the conversations took place. *See Twombly*, 550 U.S. at 555.

Here, Young's alleges the following:

29. Leach made clear to Young that certain job benefits were conditioned on Young's acceptance of Leach's sexual advances. Leach made the following offers to Young in return for Young's satisfaction of his sexual demands:
    a. Leach states that if Young had sex with him, Young could go on day shift.
    b. Leach states that if Young had sex with him, Young could have a raise.
    c. Leach stated that if Young had sex with him, young could become his secretary.

[Record No. 1-1, ¶ 29] These allegations are sufficient to assert a plausible claim of *quid pro quo* sexual harassment.

Smithfield next argues that the claim bust be dismissed because Young does not allege specifically whether Leach had the authority to make good on the employment incentives which he promise in exchange for sexual favors. But this does not need to be proven at this stage of the litigation to survive a motion to dismiss. *See Vance*, 133 S.Ct. at 2449 (stating "The interpretation of the concept of a supervisor that we adopt today is one that can be readily applied. In a great many cases, it will be known even before litigation is commenced whether an alleged harasser was a supervisor, and in others, the alleged harasser's status will become clear to both sides after discovery. And once this is known, the parties will be in a position to assess the strength of a case and to explore the possibility of resolving the dispute. Where this does not occur, supervisor status will generally be capable of resolution at summary judgment.")

### D. Retaliation Claim

To state a claim for retaliation, a plaintiff must plead facts sufficient to show that: (1) she engaged in protected activity; (2) the defendant knew of the protected activity, (3) the defendant subsequently subjected the plaintiff to an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action. *Christopher v. Stouder Memorial Hospital*, 936 F.2d 870, 877 (6th Cir. 1991); *Brooks v. Lexington-Fayette Urban Cnty. Housing Authority*, 132 S.W.3d 790, 803 (Ky. 2004). Smithfield argues that Young's claim fails because she has not set forth sufficient allegations to satisfy the fourth element of causal connection. Young relies on the temporal proximity between her complaint and her termination to establish the causation. According to Young's Complaint, 27 days elapsed between her complaint of discrimination and her termination.

[Record No. 1-1, ¶ 52] In light of Sixth Circuit authority[2], a 27 day period allows an inference of a causal connection between Young's complaints and her termination. Therefore, Young has alleged sufficient factual allegations to state a plausible claim for retaliation.

**IV.**

Based on the foregoing analysis, it is hereby

**ORDERED** the defendant's Motion to Dismiss [Record No. 5] is **DENIED**.

This 27th day of September, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[2] *See Goller v. Ohio Dept. of Rehabilitation and Correction*, 285 F. App'x 250, 257 (6th Cir. 2008) (2 months sufficient); *Herrera v. Churchill McGee, LLC*, 545 F. App'x 499, 502 (6th Cir. 2013) (1 month sufficient); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir. 2004) (3 months sufficient); *Asmo v. Keane, Inc.*, 471 F.3d 588, 594 (6th Cir. 2006) (2 months sufficient); *Shefferly v. Health Alliance Plan of Mich.*, 94 F. App'x 275, 285 (6th Cir. 2004) (about 3 weeks sufficient); *DiCarlo v. Potter*, 358 F.3d 408, 421-22 (6th Cir. 2004) (21 days sufficient). *See also Nguyen v. City of Cleveland*, 229 F.3d 559, 566-67 (6th Cir. 2000) ("[P]revious cases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months." (internal quotation marks omitted)).